# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOEL SCOT HICKERSON,

        Plaintiff,

v.                                      No. 1:18-cv-01182-MV-KBM

CBS CORP. (CBS NEWS),
CNN (TIME WARNER/AT&T HLN),
DISNEY (ABC NEWS, 21ST CENTURY FOX),
NASH HOLDINGS LLC
(THE WASHINGTON POST, JEFF BEZOS),
NBC UNIVERSAL ENTERPRISE INC.
(COMCAST, NBC NEWS, CNBC, MSNBC),
NEWS CORP. (FOX NEWS, WALLSTREET JOURNAL, NY POST),

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Complaint, Doc. 1, filed December 17, 2018, and on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed December 17, 2018 ("Application"). For the reasons stated below, the Court **GRANTS** the Application and **DISMISSES** this case **without prejudice.**

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and a statement that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

> if the court finds that the allegations of poverty are untrue or that the action is
> frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs." *Adkins* v. *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). A litigant need not be "absolutely destitute," and "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings, in which he stated that: (i) his average monthly income amount during the past 12 months was $450.00; (ii) his monthly expenses total $923.00; (iii) he has $1,400.00 in cash and $1,187.94 in a bank account; (iv) he is unemployed; and (v) his home is in foreclosure. The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs because he signed an affidavit declaring that he is unable to pay the costs of these proceedings, he is unemployed, and his monthly expenses exceed his monthly income.

**The Complaint**

Plaintiff refers to Defendants as "the Mainstream Media" and asserts that they "are colluding with billionaire globalist elites, deep state establishment government officials, and big tech corporations to willfully violate 'The First Amendment' and 'Freedom of the Press' in order to lie and to push an Elite Globalist agenda." Complaint at 2. Plaintiff alleges that Defendants have violated the First Amendment Right of Freedom of the Press by "collud[ing] with the

Government to keep their Reporters from being free to report on corruption and crimes of their allies in the Democrat Party, Establishment Government and Deep State," and by "den[ying] the American people their right to a 'Free Press.'" Complaint at 3. Plaintiff also alleges that "Defendants are guilty of interfering in Elections to the point that they are interfering with my right to vote by canceling my vote out and rendering my vote worthless," "are guilty of Negligence and of Journalistic Malpractice against its customers the citizens of this country by not performing its duty to inform the people on the crimes and corruption of their government," and "are guilty of Defamation of those who oppose them like President Donald trump, his administration, and allies, Trump Supporters, bloggers, independent media as well." Complaint at 5-6.

Plaintiff's request for relief states:

The only solution to the problem I can see is to hold the DEFENDANTS accountable for their actions through punitive damages. This number needs to be so large that it can take ownership away from some of the Mainstream Media outlets to then free them up to give a more balanced reporting on the news. The Damages to be divided among the different DEFENDANTS. I am entitled to the following Relief:

1. 30 million dollars in personal damages
2. 30 billion dollars in punitive damage[s]
3. A requirement that all media report on all government corruption and crimes of all the government officials of all parties or face fines and or civil liability
4. I will take ownership of one of the Networks as partial payment.

Complaint at 21.

**Dismissal of the Case**

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

The Complaint fails to state a claim for violation of civil rights because Defendants are not state actors. Section 1983 only authorizes suits against persons acting under color of state law. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"). A plaintiff can state a cognizable § 1983 claim against private citizens if he adequately alleges that the private citizen defendants conspired with the state actors to violate his federal rights. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005). While Plaintiff alleges that Defendants "are colluding with . . . deep state establishment government officials," "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504, 533 (10th Cir.1998).

The Complaint fails to state a claim for interference with elections. A person who is deprived of exercising his right to vote may have an action for the recovery of damages:

> if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy.

42 U.S.C. § 1985(3). Plaintiff alleges that Defendants interfered with his "right to vote by canceling my vote out and rendering my vote worthless" because Defendants "have helped one side so much that it has changed the outcome." Complaint at 5. Plaintiff has not alleged that Defendants conspired to prevent Plaintiff from voting by force, intimidation, or threat. Plaintiff seeks injunctive relief "that all media report on all government corruption and crimes of all the government officials of all the parties." Complaint at 21. While the Voting Rights Act allows private litigants to seek injunctive relief regarding prohibited acts regarding voting, "[n]o court other than the District Court for the District of Columbia shall have jurisdiction to issue . . . any

restraining order or temporary or permanent injunction against the execution or enforcement . . . [of the statute listing prohibited acts regarding voting]." 52 U.S.C. § 10310; *see also* 52 U.S.C. § 10307 (listing prohibited acts).

The Complaint fails to state a claim for negligence because Plaintiff has not alleged that Defendants had a duty "to inform the people on the crimes and corruption of their government." Complaint at 5; *see Tafoya v. Seay Bros. Corp.*, 890 P.2d 803, 805 (N.M. 1995) ("The elements of a prima facie case of negligence are duty, breach, proximate cause, and damages"). Plaintiff alleges that the "FCC has recognized the Responsibility of the DEFENDANTS to present unbiased information back when the Fairness Doctrine was the rule. It was later done away with and the DEFENDANTS could self-regulate this responsibility which has not happened." Complaint at 5-6. "The fairness doctrine was an FCC rule requiring broadcasters to air contrasting views when controversial issues were addressed. . . The rule was abandoned by the Commission in August 1987." *Action for Children's Television v. FCC*, 999 F.2d 19, 21 n.1 (5th Cir. 1993). Plaintiff has not alleged, and the Court has not found, any "legally recognized obligation of the [Defendants] to the [Plaintiff]." *Herrera v. Quality Pontiac*, 73 P.3d 181, 187 (N.M. 2003) ("a duty exists only if 'the obligation of the defendant [is] one to which the law will give recognition and effect'").

To the extent Plaintiff is asserting a defamation claim on his own behalf against Defendants, the Court dismisses that claim for failure to state a claim. To establish a claim of defamation, a plaintiff must allege, among other things, that the communication was concerning the plaintiff and caused actual injury to reputation. *See Smith v. Durden*, 276 P.3d 943, 948-950 (N.M. 2012); N.M.R.A., Civ. UJI 13-1002. The only allegation regarding Plaintiff and defamation states:

> The DEFENDANTS have defamed and called for violence against Trump Supporters. The DEFENDANTS has [sic] said that Trump Supporters are mean,

> racist, uneducated, Nazi's [sic] who push violence. The press has encouraged
> violence against us and refused to condemn the violence of Antifa. This defamation
> and constant negative reporting on Trump and his supporters have caused the left
> to resort to violence.

Complaint at 18, ¶ 4. Plaintiff has not alleged that Defendants' communications concerned

Plaintiff specifically or that the communications have injured Plaintiff's reputation. *See*

Restatement (Second) of Torts § 564A (1977) (Comment a.: "As a general rule no action lies for

the publication of defamatory words concerning a large group or class of person . . . The words

are not reasonably understood to have any personal application to any individual unless there are

circumstances that give them such an application"). To the extent that Plaintiff is asserting

defamation claims on behalf of other persons, the Court dismisses those claims because a "litigant

may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo*

*v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

The Court dismisses this case without prejudice for failure to state a claim.

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or

        Costs, Doc. 2, filed December 17, 2018, is **GRANTED.**

(ii)    This case is **DISMISSED without prejudice.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**